*** NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCAP-23-0000053
08-MAR-2024
11:02 AM
Dkt. 9 SO

SCAP-23-0000053

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

STATE OF HAWAI'I,
Plaintiff-Appellant,

vs.

MICHAEL ELEFANTE,
Defendant-Appellee.

---

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CAAP-23-0000053; CASE NO. 2CPC-22-0000261)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., McKenna, and Eddins, JJ., Circuit Judge Tonaki
and Circuit Judge Morikawa, assigned by reason of vacancies)

On May 12, 2020, Michael Elefante checked himself into the hospital. A nurse inventoried his belongings. Inside his backpack, she found a loaded pistol. The hospital called the police.

Elefante lacked a license to carry a weapon pursuant to Hawai'i Revised Statutes (HRS) § 134-9 (2011).

On April 12, 2022, the County of Maui Department of the Prosecuting Attorney charged Elefante with one "place to keep"

offense in violation of HRS § 134-25 (2011).

In September 2022, Elefante moved to dismiss.  He maintained that the Second Amendment to the United States Constitution, as newly imagined by New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), provided a right to bear arms in public for possible self-defense.  Article I, section 17 of the Hawai'i Constitution, too, he claimed.

Circuit Court of the Second Circuit Judge Kelsey T. Kawano agreed with Elefante, dismissing his case.

The State appealed.  It said Elefante lacked standing to challenge the constitutionality of HRS § 134-9 – Hawai'i's license to carry law - because he didn't bother to ask for a license.

In October 2023, Elefante applied for transfer to this court.  He said the case raises "essentially the same issues" as State v. Wilson, then pending before us.  Now decided.  State v. Wilson, ___ P.3d ___, 2024 WL 466105 (Haw. 2024).

We granted transfer.

We resolve this case the same way as Wilson.  There, the defendant chose not to seek a license to carry, so he lacked standing to challenge Hawai'i's license-to-carry law, HRS § 134-9.  Id. at *4.  Like Wilson, Elefante did not try to get a license.  Therefore, he lacks standing to challenge HRS § 134-9.

Elefante has standing to challenge the law he was charged

2

with violating, HRS § 134-25.  See id. at *3.  Wilson examined whether HRS § 134-25 conforms to article I, section 17 of the Hawai'i Constitution.  This court concluded that article I, section 17 confers a collective, militia-based right to bear arms.  Id. at *7.  Not an individual right to carry weapons in public for possible self-defense.  Id.  Thus, HRS § 134-25 does not violate the Hawai'i Constitution.

Wilson also held that HRS § 134-25 does not violate the Second Amendment to the United States Constitution.  Id. at *20.  Under Bruen, "[s]tates retain the authority to require that individuals have a license before carrying firearms in public."  Id.; Bruen, 597 U.S. at 79-80 (Kavanaugh, J. concurring).  That's what HRS § 134-25 does.

Accordingly, we conclude that HRS § 134-25 does not violate Elefante's rights under the Hawai'i or U.S. Constitutions.  We hold that the circuit court erred by granting Elefante's motion to dismiss.  We vacate the circuit court's order and remand the case for further proceedings.

DATED:  Honolulu, Hawai'i, March 8, 2024.

Richard B. Rost
for appellant

Henry P. Ting
for appellee

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ John M. Tonaki

/s/ Trish K. Morikawa

